UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL SANCHEZ MORALES,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY A. BEARD, et al.,<br><br>Defendants. | 1:14-cv-1717-LJO-SAB<br><br>**MEMORANDUM DECISION AND ORDER RE FINDINGS AND RECOMMENDATIONS (Doc. 42) RE DEFENDANTS' MOTION TO DISMISS (Docs. 26, 32)** |

## I. INTRODUCTION

Coccidioidomycosis, commonly known as "Valley Fever," is an infection caused by inhaling the spores of the fungus Coccidioides, which is endemic to the soil throughout the southwestern United States, and is particularly prevalent in California's San Joaquin Valley.[1] Valley Fever infections generally cause mild flu-like symptoms (or no symptoms at all), but the "disseminated" form of the disease, which occurs when the infection disseminates beyond the lungs and into other parts of the body, can cause serious, life-long health complications, and even death. Some groups of individuals, including certain ethnic groups, individuals over the age of 55, and individuals with compromised immune systems, are particularly susceptible of developing disseminated Valley Fever.

This is one of many civil rights cases currently pending in this district brought by current and former inmates who contracted Valley Fever while incarcerated at prisons located in the San Joaquin Valley, where cocci naturally exist. Plaintiff Miguel Angel Sanchez Morales ("Plaintiff"), a former state prisoner who contracted Valley Fever while incarcerated at Kern Valley State Prison ("KVSP"), which is located in Delano in Kern County, California, where cocci naturally exist, brings this suit against

---

[1] Valley Fever and the spores that cause it often are referred to interchangeably as "cocci."

1

Defendants,[2] various individuals associated with KVSP under 42 U.S.C. § 1983 ("§ 1983") and 28 U.S.C. § 1350, commonly known as the Alien Tort Statute ("the ATS"). Doc. 25, First Amended Complaint ("FAC"), at 1. Plaintiff's claims are premised on his assertion that Defendants' intentional actions and inaction exposed him to an unreasonable risk of contracting Valley Fever and ultimately caused him to contract the disease, in violation of the Eighth Amendment and the ATS.

Currently pending before the Court is Defendants' motion to dismiss[3] the entire FAC. Doc. 26. The Magistrate Judge issued Findings and Recommendations ("F&Rs"), Doc. 42, to which Plaintiff filed objections. Doc. 46. Defendants did not respond to Plaintiff's objections or file objections of their own. The Magistrate Judge recommends that the Court (1) dismiss Plaintiff's Eighth Amendment claim because Defendants are entitled to qualified immunity from the claim; (2) dismiss Plaintiff's ATS claims for failure to state a claim; (3) dismiss Plaintiff's request for injunctive relief because Defendants are entitled to immunity from that form of relief under the Eleventh Amendment; and (4) deny Plaintiff's request to amend the FAC because any amendment would be futile. F&Rs at 15, 18, 19, 23, 26.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the F&Rs and the relevant record. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); Fed. R. Civ. P. 72(b)(3). For the following reasons, the Court ADOPTS the Magistrate Judge's recommendations to dismiss Plaintiff's claims without leave to amend.

## II. FACTUAL AND PROCEDURAL BACKGROUND[4]

Plaintiff, a citizen of Mexico, was committed to KVSP around March 2008. FAC at ¶¶ 22-23.

---

[2] Named Defendants are former Governor Arnold Schwarzenegger, current Governor Edmund G. Brown, Jr., Jeffrey A. Beard, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), Matthew L. Cate, former Secretary of the CDCR, Martin D. Biter, Warden of KVSP, and Anthony L. Hedgpeth, former Warden of KVSP. Plaintiff voluntarily dismissed Defendant Brown. Doc. 36.

[3] Only Defendants Beard, Cate, and Biter move to dismiss; Defendant Schwarzenegger and Hedgpeth have not been served with the FAC. Doc. 26-1 at 7 n.1. Accordingly, the Court's reference to "Defendants" is to Defendants Beard, Cate, and Biter only.

[4] The Court incorporates by reference the Magistrate Judge's thorough outline of the FAC's allegations, F&Rs at 3-7, and provides only a summary of the FAC's pertinent allegations. The Court has considered the entire record, but will address only the arguments necessary to resolve Defendants' motion to dismiss.

Plaintiff was hospitalized for two weeks in October 2010, and he was diagnosed with Valley Fever in November 2010. *Id.* By August 2011, the disease had progressed to "cocci meningitis, the most lethal form of Valley Fever, indicating that the infection . . . had reached the membranes enveloping [Plaintiff's] brain and spinal cord." *Id.* at ¶ 25. Plaintiff was then hospitalized for almost six months before being transferred back to KVSP. *Id.* at ¶ 26. Plaintiff continued to suffer from the infection and required frequent hospitalizations until he was granted humanitarian parole on March 6, 2014. *Id.* Approximately one year later, Plaintiff was deported to Mexico, where he currently resides. *Id.* at ¶ 28. Plaintiff continues to suffer from cocci meningitis and requires significant medical attention. *Id.*

Plaintiff asserts Defendants are liable for his exposure to and contraction of Valley Fever while incarcerated in KVSP and brings this case for monetary damages, and declaratory and injunctive relief. *See id.* at ¶ 11. Plaintiff alleges that California officials have known about the prevalence of cocci throughout the San Joaquin Valley, including Kern County, for decades. *Id.* at ¶¶ 54-57. Various federal and state health officials, physicians, medical researchers, and media have conducted a number of studies on Valley Fever concerning its cause, diagnosis, symptoms, and treatment. *See id.* at ¶¶ 54-70, 81. These studies established that individuals of certain ethnic groups, including Hispanics, such as Plaintiff, are "at extremely high risk of developing the deadliest form of Valley Fever." *Id.* at ¶¶ 66, 77-78. These studies further established that a number of preventative and remedial measures can mitigate the prevalence of cocci effectively, thereby reducing the risk of contracting Valley Fever. *See id.* at ¶¶ 86-88.

Plaintiff claims that Defendants were aware of the risk posed by cocci at KVSP and were aware that Plaintiff, as a Hispanic, was more susceptible to the disease. *Id.* at ¶ 91. Plaintiff alleges that, despite these known risks, Defendants continued to house Hispanics, including Plaintiff, at KVSP, even though it was known to be located in a region where cocci are "hyper-endemic." *Id.* at ¶ 90. Plaintiff further alleges that Defendants knew there were numerous measures they could take to reduce Plaintiff's exposure to Valley Fever, yet they intentionally refuse to implement those measures, despite knowing

3

that doing so would significantly increase the risk of contracting Valley Fever. *Id.* at ¶¶ 90-93. In addition, Plaintiff alleges Defendants failed to disclose and inform Plaintiff of the risk factors and symptoms of Valley Fever. *Id.* at ¶¶ 94-95. Thus, the crux of Plaintiff's allegations is that Defendants knew of the risks cocci at KVSP would pose to Plaintiff, yet housed him there without informing him of the risks or taking appropriate remedial and preventative measures to protect him from those risks in violation of the Eighth Amendment and the ATS, despite their ability to exclude inmates from KVSP and to provide adequate protection from cocci. *See id.* at ¶¶ 3-7.

Specifically, Plaintiff's first cause of action asserts Defendants' conduct violated the Eighth Amendment's prohibition on cruel and unusual punishment. *See id.* at 31-32. Plaintiff argues that Defendants "knowingly and unreasonably disregarded the objectively intolerable risk of harm to Plaintiff by failing to take reasonable and recommended measures to abate the risk of contracting Valley Fever" with deliberate indifference. *Id.* at ¶ 149. Plaintiff's second and third causes of action, brought under the ATS, involve largely the same allegations. Plaintiff seeks various forms of relief, including injunctive relief in the form of a "court-supervised medical monitoring and treatment program" and order from this Court "allowing Plaintiff to return to the United States." *Id.* at 45.

Defendants move to dismiss all claims against all Defendants, including those yet to be served. Doc. 26-1 at 7-8. Defendants argue that Plaintiff's ATS claims fail because the ATS "does not support actions against domestic defendants," and, even if it did, the claims are duplicative of Plaintiff's Eighth Amendment claim and do not state a claim under the ATS. *Id.* With regard to Plaintiff's Eighth Amendment cause of action, Defendants assert Plaintiff fails to state a claim and, even if he did, Defendants are entitled to qualified immunity from any Eighth Amendment claim premised on Plaintiff's exposure to and contraction of Valley Fever while incarcerated. *Id.* Finally, Defendants move to dismiss Plaintiff's requested injunctive relief under Fed. R. Civ. P. 12(b)(1), contending that the Eleventh Amendment bars any such relief. *Id.* at 8, 20-21.

### III. STANDARDS OF DECISION

**A. Fed. R. Civ. P. 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject-matter jurisdiction." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981). A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As explained in *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004):

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

The present motion is a facial attack, because Couch "contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction." *Beco Dairy Automation, Inc. v. Global Tech Sys., Inc.*, __ F. Supp. 3d __, 2015 WL 2185121, at *4 (E.D. Cal. May 8, 2015) (internal citation and quotation omitted). In a facial attack, "the plaintiff is entitled to safeguards similar to those applicable when a 12(b)(6) motion is made." *Id*. "The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id*.; *see also Cassirer v. Kingdom of Spain*, 580 F.3d 1048, 1052 n. 2 (9th Cir. 2009), *rev'd on other grounds*, 616 F.3d 1019 (9th Cir. 2010) (en banc) (applying *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), standard to a facial motion to dismiss for lack of subject matter jurisdiction); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) ("[I]n reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, we take the allegations in the plaintiff's complaint as true.").

**B. Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the

Plaintiffs should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

**A. Uncontested Aspects of the F&Rs.**

Plaintiff explicitly states that he "does not object to the [F&Rs] concerning the [ATS] claims asserted in [his] operative complaint." Doc. 46 at 6 n.1. Similarly, Plaintiff does not object to the Magistrate Judge's recommendation that the Court dismiss his request for injunctive relief because the Eleventh Amendment bars Plaintiff from seeking that form of relief from Defendants. In fact, he does not mention the Eleventh Amendment in his objections. *See id.* at 1-21. Accordingly, the Court ADOPTS the Magistrate Judge's recommendation to dismiss Plaintiff's ATS claims and requests for injunctive relief against Defendants. Those claims are DISMISSED WITHOUT LEAVE TO AMEND.

Plaintiff also does not object to the Magistrate Judge's recommendation that the Court deny his request to amend the FAC to add another defendant. The Court ADOPTS IN FULL the F&Rs concerning that request. Plaintiff's request to amend the FAC is DENIED.

**B. Plaintiff's Eighth Amendment Claim.**

Plaintiff only objects to the Magistrate Judge's finding and recommendation that his Eighth Amendment claim should be dismissed because Defendants are entitled to qualified immunity from the claim. *See* Doc. 46 at 6. As the Magistrate Judge noted, this Court recently found that defendants involved with other San Joaquin Valley prisons where cocci are endemic were entitled to qualified immunity from inmates' Eighth Amendment claims premised on their alleged unreasonable exposure to and contraction of Valley Fever.[5] Plaintiff acknowledges that this case is materially identical to those

---

[5] *See Jackson v. Brown*, No. 1:13-cv-1055-LJO-SAB, 2015 WL 5522088 (E.D. Cal. Sept. 17, 2015), *as amended*, __ F. Supp. 3d __, 2015 WL 5732826 (E.D. Cal. 2015 Sept. 28, 2015), *appeal docketed* No. 15-17076 (9th Cir. Sept. 28, 2015) ; *Smith v. Schwarzenegger*, __ F. Supp. 3d __, 2015 WL 5915353 (E.D. Cal. Oct. 7, 2015), *appeal docketed* No. 15-17155 (9th Cir. Oct. 28, 2015); *Nawabi v. Cates*, No. 1:13-cv-272-LJO-SAB, 2015 WL 591529 (E.D. Cal. Oct. 7, 2015); *Gregge v. Kate*, 1:15-cv-176-LJO-SAB, Doc. 103 (E.D. Cal. Oct. 7, 2015), *appeal docketed* No. 15-17201 (9th Cir. Nov. 4, 2015).

cases. As Plaintiff states in his objections to the F&Rs:

> Plaintiff understands that this Court has adopted the Magistrate's Findings and Recommendations in related cases, *Jackson v. Brown*, . . . *Smith v. Schwarzenegger*, . . . and *Nawabi v. Cate* . . . finding in each case that the defendants were entitled to qualified immunity . . . . Defendants, in their motion to dismiss, have asserted the same arguments as to qualified immunity as have Defendants in the aforementioned cases and the Magistrate has relied upon the decisions in *Jackson*, *Smith*, and *Nawabi*. While Plaintiff is cognizant of the Court's recent decisions, Plaintiff feels it is necessary to object to those same arguments herein, to ensure a clear record of litigation on qualified immunity in this case, while the issue remains unsettled by the Court of Appeals for the Ninth Circuit.

Doc. 46 at 9 n.2.

Plaintiff, represented by the same counsel as are the plaintiffs in *Jackson* and *Nawabi*, lodges nearly identical objections to the F&Rs as did the plaintiff in *Nawabi*. The Court has done a line-by-line comparison of Plaintiff's objections and the *Nawabi* plaintiff's objections, and notes that almost all of the former are drawn verbatim from the latter.[6] Plaintiff has not provided any argument or authority in his objections that the Court did not consider when deciding *Jackson*, *Smith*, *Nawabi*, and *Gregge*.

Briefly summarized, the plaintiffs in *Jackson*, *Smith*, *Nawabi*, and *Gregge* alleged that the defendants unconstitutionally exposed them to an excessive risk of harm posed by cocci at various San Joaquin Valley prisons, where cocci are endemic. Like Plaintiff here, the plaintiffs in those cases alleged that the defendants were fully aware of the risks posed by cocci at the prisons, yet they intentionally failed to take appropriate preventative and remedial measures to protect the plaintiffs from those risks. Further, like some, but not all of the plaintiffs in those cases, Plaintiff here alleges he is particularly susceptible to contracting Valley Fever and developing the disseminated form of the disease due to his ethnicity.

The Court found that all of the defendants in *Jackson*, *Smith*, *Nawabi*, and *Gregge* were entitled to qualified immunity from the plaintiffs' Eighth Amendment claims. The crux of that finding is that

---

[6] This is not meant as a slight to Plaintiff's counsel. The Court appreciates counsel's candor and consistency, both of which demonstrate a respect for the Court's and Defendants' time and resources.

Case 1:14-cv-01717-LJO-SAB   Document 49   Filed 11/19/15   Page 9 of 9

there has been disagreement among judges about the circumstances that would support an inmate's Eighth Amendment claim premised on exposure to and contraction of Valley Fever while incarcerated, and this unsettled state of the law entitled the defendants to qualified immunity. *See, e.g.*, *Smith*, 2015 WL 5915353, at *13; *id.* at 13 n.17. The Court does not intend to suggest that all Valley Fever cases have the same facts or the same dispositions for the same reasons. But Plaintiff has made no attempt to distinguish the Court's recent Valley Fever cases from this one and has tacitly acknowledged that the Court's qualified immunity analysis in those cases is directly applicable here. *See* Doc. 46 at 9 n.2.

For the reasons more thoroughly outlined in *Jackson*, *Smith*, *Nawabi*, and *Gregge*, the Court finds that Defendants are entitled to qualified immunity from Plaintiff's Eighth Amendment claim. The Court therefore ADOPTS the F&Rs concerning Plaintiff's Eighth Amendment claim and DISMISSES the claim against Defendants WITHOUT LEAVE TO AMEND.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court:

1. GRANTS Defendants' motion to dismiss (Doc. 26);

2. DISMISSES Defendants Beard, Cate, and Biter from this case; and

3. DENIES Plaintiff's request to amend the FAC.

The Clerk of Court is *not* directed to close this case. Defendants appear to suggest—but do not clearly argue—that Plaintiff's claims against Defendants Hedgpeth and Schwarzenegger should be dismissed despite their not being served by the time Defendants filed their motion to dismiss. *See* Doc. 26-1 at 7, 7 n.1. The record indicates that those Defendants have now been served, *see* Docs. 44, 48, so the Court will consider responsive pleadings from those Defendants if and when they are brought.

IT IS SO ORDERED.

Dated:   **November 18, 2015**              **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE